E. H. Prater *et ux. v.* Fidelity Trust Company.

(*Knoxville.* September Term, 1930.)

Opinion filed December 15, 1930.

A. E. MITCHELL, for complainants, appellees.

LEE, PRICE, McDERMOTT & MEEK, for defendant, appellant.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

Prater and wife procured a mortgage loan of $6500 from Fidelity Trust Company in 1922 on real estate they

owned in Knoxville. A former mortgage note for $5000 was outstanding, payable to S. R. Rambo & Company. It was agreed that so much of the new loan as might be required for the purpose should be applied to the satisfaction of the outstanding lien. The Bank undertook to make this payment and clear the title and its officer Walling accompanied a representative of Rambo & Company to the Register's office, where a marginal release was made, the Bank's officer paying the money over to Rambo's representative. The outstanding note was not in Rambo & Company's possession and was not delivered up or cancelled. The following day the Bank's officer paid to Prater the balance of the $6500 loan, and stated to Prater that Rambo & Company would later procure and deliver up to the Bank the original mortgage note.

Later, in 1927, one Spiro, the holder for value of this outstanding negotiable paper, set up claim therefor and recovered judgment for the $5000 and interest, which complainants herein paid, the amount being $6914.50, and for which they now sue. The Chancellor gave complainants, Prater and wife, a decree. The Court of Appeals modified this decree, giving judgment for one-half only of the sum in favor of the wife of Prater, as the owner of a half interest in the property. Both sides have petitioned this Court and argument has been heard.

Several defenses were interposed by the Bank, among them the statute of limitations of six years, which both Courts held to be not applicable, since the loss to Prater and wife was not sustained until 1928 when judgment was rendered against them. In this conclusion we concur. See *State ex rel.* v. *McClellan,* 113 Tenn., 624; 2 Wood on Limitations, Sec. 179, and 31. C. J., 452.

A second defense is *res adjudicata*, upon the theory that Prater and wife filed a cross bill in the suit brought by Spiro, seeking recovery over against the Bank in the event of judgment against them, to which a demurrer was sustained and no appeal taken.

The Chancellor and Court of Appeals concurred in holding against this defense. A full and convincing discussion of this question is contained in the able opinion of the Chancellor, beginning on page sixteen of the record, wherein he holds that none of the grounds of demurrer to the cross bill went to the merits. To this we agree and refer to the opinion of the Chancellor. Other questions of more or less minor importance were made and decided by both courts adversely to the Bank, and as to these matters, without a detailed discussion of them, we agree with the conclusions reached by these courts.

The Bank further defended upon the theory that in undertaking to discharge the prior lien and pay the outstanding mortgage note for $5000, with interest, the Bank was the agent of Prater and wife, and that having reported to Prater its failure to take up the negotiable note, even if it be conceded that the Bank was guilty of some negligence, Prater assumed the responsibility and ratified this negligent conduct. In support of this theory it was insisted that Prater was himself negligent in failing to follow up the matter and see to it that the note was later delivered up for cancellation to the Bank, or to himself, and also that the Bank had a right to rely upon an answer made by Prater on the application form for the loan from the Bank, in which S. R. Rambo & Company were named as the mortgage debt holders.

The Chancellor overruled this contention. The opinion of the Court of Appeals dealing with the cause generally

was written by Judge THOMPSON, and on this proposition he found in favor of the contention of the Bank and denied a recovery altogether. But in a brief supplemental opinion the majority of the Court of Appeals drew a distinction between the attitude and right of recovery of Prater and that of his wife, and holding that she could not be held responsible for the negligence of her husband, modified the decree of the Chancellor and allowed a recovery in favor of the wife for one-half of the loss.

In the first place, we are not impressed with the insistence of the Bank that the relationship between the parties was that of principal and agent. It was that of borrower and lender, in which situation the interest of Prater and wife on the one hand, and the lending Bank on the other, were independent and distinct, although both were alike interested in seeing to it that the lien was properly and clearly discharged from the proceeds of the loan. The Bank was primarily conserving its own interest and acting for its own protection. Prater and wife executed to the Bank the note and the mortgage or deed of trust, but the loaning of the money was conditioned upon the release of the prior mortgage, and the Bank, in accordance with well established custom, did not delegate this matter in which it was so vitally concerned to the borrower, but itself retained the proceeds and assumed the responsibility of discharging the lien.

As remarked by Mr. Justice FULLER, in *Kilburn* v. *Sunderland*, 130 U. S., 505, 32 L. Ed., 1005, "Necessarily the agent for the buyer cannot be agent for the seller at the same time." No more could Waller, agent for the lender Bank, be agent at the same time for the borrower Prater. While identical as to certain details, the interests

of the parties were mainly adverse, though not antagonistic, a situation fundamentally inconsistent with the relationship of principal and agent.

We attach no significance or weight to the recital in the application for the mortgage. Both parties of course knew that the outstanding note was negotiable paper and that the borrower could not, and was not undertaking to name the then holder for value of this negotiable paper. The Bank had before it an abstract of the title, the cost of which it charged to Prater and wife in making the settlement after the papers had been recorded and the loan consummated.

But the insistence most strongly relied on is that the representative of the Bank, as heretofore stated, reported his default in failing to take up the note to Prater, and that Prater made no objection and failed thereafter to protect himself. If it be conceded that this was negligence on the part of Prater, it was not negligence of the same character or degree as that of which the Bank was plainly guilty.

In *Griswold* v. *Davis,* 125 Tenn., 233, opinion by Mr. Justice LANSDEN, this Court clearly and emphatically held, supporting the holding by reasoning and authority, that one who pays a negotiable note to a supposed agent of a holder without taking up the obligation is guilty of *gross* negligence. Says Mr. Justice LANSDEN: "The rule here adopted is not only supported by reason and authority, but it is easiest understood and followed in actual practice. It requires only the most natural and prudent thing for a debtor to do in the matter of paying the principal debt, and makes him responsible for his gross negligence. It tends to prevent the alleged agent from practicing fraud both upon the debtor and the

creditor and will make certain such payments and minimize litigation."

In the recent case of *Stagner* v. *Craig*, 159 Tenn., at page 517 this Court adopted this definition of gross negligence: "Such entire want of care as would raise a presumption of a conscious indifference to consequence," and added that, "this, of course, means more than, on the one hand, a want of ordinary care,—a common definition of negligence,—and yet, it does not cross the border line of studied or deliberate intent to do the specific injury. The mental attitude is one of indifference to injurious consequences, conscious recklessness of the rights of others. Such conduct may well be characterized as wanton." In was held that when such negligence is shown the defense of contributory negligence would not avail. Assuming that both parties to this transaction were negligent, we hold that the Bank was guilty of gross negligence, that the negligence of Prater was contributory only, and that a showing of this negligence on his part will not avail to defeat his recovery against the Bank.

While the representative of the Bank did, in connection with the loan settlement, incidentally mention to Prater that the note had not been taken up, but would be later turned in by Rambo & Company, it is quite apparent that the matter was not impressed or emphasized, and certainly no express request or demand was made of Prater that he, at that point, assume the responsibility of following up this matter of release of the lien, which the Bank had undertaken, and securing the cancellation of the note. Moreover, this default was not reported to Prater at all until the day following the transaction between the Bank and Rambo & Company and the payment by the Bank of the money. It may well be that Prater not

only rested secure in the confidence that the Bank, of strong financial responsibility and large experience, knew better than he what could be safely and prudently done, conceding that the matter impressed him at the time at all, but he may well have assumed that what had been done, had been done, and that it was too late to raise objections. It is unfortunate that this heavy loss must fall upon either the Bank or Prater and wife, rather than upon S. R. Rambo & Company, primarily responsible, but we cannot escape the conclusion that as between the two parties to this litigation the burden must fall on the Bank, for the reasons indicated, and being of opinion that the equities and merits have been met by the decree of the Chancellor, that decree will be affirmed and that of the Court of Appeals reversed.